**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

DR. RICHARD P. JOHNSON,

    Plaintiff,

vs.

                                        Case No. 08-2472-BBD-tmp

ERIC K. SHINSEKI, Secretary of Veterans Affairs,
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.

---

**JOINT PROPOSED JURY INSTRUCTIONS**

---

The parties submit for the Court's consideration the following joint proposed jury instructions.

<u>J-1: Introduction Before Deliberations</u>

Members of the Jury:

You have now heard all of the evidence in the case. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

1

You must not be influenced by sympathy, bias, prejudice or passion.

You are not to single out any particular part of the instructions and ignore the rest, but you are to consider all the instructions as a whole and regard each in the light of all the others.

Now let me outline for you the parts of the charge so that you can follow it more easily. First, I will again review the parties' contentions and the Plaintiff's claims.  Second, I will instruct you as to the burden of proof and upon which party the law places that burden in the case, and I will give you some rules to help you as you consider the evidence.  Third, I will outline for you the law to apply in determining the legal issues with respect to liability.  Fourth, I will instruct you on the law with respect to damages. Finally, I will explain to you about the form of your verdict.

<u>J-2: The Parties And The Nature Of The Plaintiff's Claims</u>

The party who brings a lawsuit is, of course, called a plaintiff.  In this case, the Plaintiff is Dr. Richard Johnson.  The party against whom a suit is brought is, of course, called a defendant. In this case the Defendant is Eric K. Shinseki, Secretary of the Department of Veterans Affairs. The Secretary is being sued in his official capacity, which means that the actual Defendant is the United States Department of Veterans Affairs.  All persons, including the government, stand equal before the law, and are to be dealt with as equals in this Court.

A federal law known as the Rehabilitation Act of 1973 prohibits discrimination against an employee because of an employee's perceived disability.  This federal law also prohibits retaliation against an employee because an employee has made a charge of unlawful discrimination, or filed a complaint of discrimination against his employer.

Here, the Plaintiff generally alleges that he was discriminated against, retaliated against, and constructively discharged by the Defendant Department of Veterans Affairs in violation of

the Rehabilitation Act of 1973. Specifically, Plaintiff claims that Patricia Pittman, the former Medical Center Director of the VA – Memphis, perceived him as disabled on account of his past history of chemical dependency and thus demoted him from the position of Director of Mental Health Services to the position of staff psychiatrist. Plaintiff also contends that after he complained of discrimination, Defendant retaliated against him and ultimately forced him to retire.

The Defendant denies these charges of discrimination and retaliation and says it had legitimate, non-discriminatory reasons for its actions. It is your responsibility to decide whether the Plaintiff has proven by a preponderance of the evidence that the Defendant discriminated and retaliated against him.

### J-3: Burden Of Proof

Where, as in this case, Defendant explains its employment decision concerning Plaintiff in non-discriminatory and non-retaliatory terms, Plaintiff must prove by a preponderance of the evidence that Defendant's adverse actions were because it regarded him as disabled and because of his complaint about discrimination.

### J-4: Preponderance Of The Evidence

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in the case, the jury should find for Defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force,

and produces in your minds a belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

A preponderance of the evidence simply means evidence that, when it is considered with and compared to opposing evidence, persuades you that Plaintiff's claim is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. Here, Plaintiff bears the burden of proof on all claims, elements of his claims, and damages that flow therefrom.

The burden of proving that Plaintiff was discriminated or retaliated against remains with Plaintiff throughout the case. In deciding whether Defendant intentionally discriminated or retaliated against Plaintiff because of impermissible factors, your job is to determine what motivated the person or persons whom the Plaintiff has accused of discrimination.

### J-5: Credibility Of Witnesses

You, as members of the jury, are judges of the facts concerning the controversy involved in this lawsuit. In order for you to determine what the true facts are, you are called upon to weigh the testimony of every witness who has appeared before you, and to give the testimony of the witnesses the weight, faith, credit and value to which you think it is entitled.

You will note the manner and demeanor of witnesses while on the stand. You must consider whether the witness impressed you as one who was telling the truth or one who was telling a falsehood and whether or not the witness was a frank witness.

You should consider the reasonableness or unreasonableness of the testimony of the witness; the opportunity or lack of opportunity of the witness to know the facts about which he testified; the intelligence or lack of intelligence of the witness; the interest of the witness in the result of the lawsuit, if any; the relationship of the witness to any of the parties to the lawsuit, if any; and whether the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.

These are the rules that should guide you, along with your common judgment, your common experience and your common observations gained by you in your various walks in life, in weighing the testimony of the witnesses who have appeared before you in this case.

If there is a conflict in the testimony of the witnesses, it is your duty to reconcile that conflict if you can. But if there is a conflict in the testimony of the witnesses which you are not able to reconcile, in accordance with these instructions, then it is with you absolutely to determine which ones of the witnesses you believe have testified to the truth and which ones you believe have testified to a falsehood.  Immaterial discrepancies do not affect a witness' testimony, but material discrepancies do.  The greater weight or preponderance of the evidence in a case is not determined by the number of witnesses testifying to a particular fact or a particular state of facts.  Rather, it depends on the weight, credit and value of the total evidence on either side of the issue, and of this you, as jurors, are the exclusive judges. If in your deliberations you come to a point where the evidence is evenly balanced and you are unable to determine which way the scales should turn on a particular issue, then the jury must find against that party upon whom the burden of proof has been cast in accordance with these instructions.

### J-6: Impeachment-Inconsistent Statements

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.  If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.  If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.  An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

### J-7: All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### J-8: What is Evidence - Evidence In The Case – Stipulations – Judicial Notice – Inferences Permitted

In reaching your verdict, you may only consider the testimony, exhibits, and stipulated facts.  Thus, the evidence from which you are to decide what the facts are consists of the sworn testimony of witnesses, both on direct and cross examination, regardless of who called the witness, the exhibits which have been received into evidence, and any facts to which the lawyers have agreed or stipulated.  A stipulation is an agreement.  The parties have stipulated that certain

matters of fact are true. They are bound by this agreement, and in your consideration of the evidence you are to treat these facts as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, you must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded. Also remember that what the attorneys say is not evidence.

Statements and arguments of counsel are not evidence in the case. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. Therefore, you should not be influenced by the objection or the Court's ruling on the objection.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony or exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### J-9: Proof Of Intent; Direct And Circumstantial Evidence

In the types of claims brought by Plaintiff, the Plaintiff must show that the Defendant intentionally discriminated or retaliated against him for reasons that violate the Rehabilitation Act of 1973. Discrimination or retaliation is intentional if it is done voluntarily, deliberately, and

willfully, and not by accident, inadvertence or other innocent reason. Plaintiff, however, is not required to produce direct evidence of discrimination or retaliation. Intentional discrimination or retaliation may be inferred from the existence of other facts, i.e. from circumstantial or indirect evidence. You may consider statements made, acts done or omitted and all facts and circumstances which show whether or not Defendant acted intentionally and not by accident.

By way of explanation, direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

### J-10: Business Judgment of Defendant

Your role as a juror in determining whether Plaintiff was subjected to illegal discrimination or retaliation is not to second guess the business judgment of Defendant regarding

the decisions it made affecting the Plaintiff. Moreover, you should not be concerned with whether Defendant acted unwisely or unfairly towards Plaintiff. Therefore, rather than substituting your judgment for that of Defendant, your focus should be on whether Defendant intentionally discriminated against or retaliated against Plaintiff in violation of the Rehabilitation Act of 1973.

### J-11: Conclusory Statements and Perceptions of Discrimination and Retaliation

You have seen emails and other documents written by Plaintiff and expressing his perception or belief that he was discriminated against because of a perceived disability or in retaliation. The Plaintiff's conclusory statements, opinions, or beliefs – without more – are not a sufficient basis for you to find intentionally unlawful discrimination or retaliation. It is the perceptions and motivations of the Defendant – not the perceptions of the Plaintiff – that matter in this regard.

### J-12: Deposition Testimony

Certain testimony has been read into evidence from depositions. A deposition is testimony taken under oath before the trial and preserved in writing and/or videotape. You are to consider that testimony as if it had been given in court.

### J-13: The Law

Turning now to the legal theories in the case, it is my duty to tell you what the law is. If a lawyer or party has told you that the law is different from what I tell you it is, you must, of course, take the law as I give it to you. That is my duty, but it is your duty, and yours alone, to determine what the facts are and after you have determined what the facts are, to apply the law as I give it to you, free from any bias, prejudice or sympathy, either one way or the other.

J-14: The Purpose Of The Federal Rehabilitation Act of 1973

The federal Rehabilitation Act of 1973 is comprehensive, remedial legislation aimed at improving the lot of the disabled. Among other things, Congress enacted (and has amended) the federal Rehabilitation Act of 1973 so that disabled Americans could share in employment opportunities that other Americans take for granted.

J-15: Rehabilitation Act Discrimination Claim

As to Plaintiff's discrimination claim, the language of the Rehabilitation Act that is applicable provides:

> [N]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment.
>
> 29 U.S.C. § 791 *et sea.*

The prohibitions contained in the Retaliation Act forbid intentional discrimination against individuals because of a disability, or because such individual is "regarded as" having a disability.

The burden is not on The Secretary of Veterans Affairs to prove an absence of discrimination. Intent to discriminate means "actual motive." The burden of proving intentional disability discrimination is on Plaintiff, Dr. Johnson, at all times. It would not constitute unlawful discrimination if Plaintiff's perceived disability did not motivate Defendant's decision to reassign Plaintiff from the position of Chief of Mental Health and place him in the position of Staff Psychiatrist.

The Rehabilitation Act's definition of "disability" includes not only those persons who are actually disabled, but also those who are "regarded as" having a disability. The reason for

this inclusion is to protect employees from being stereotyped by employers as unable to perform certain activities when in fact, they are able to do so.  A plaintiff is "regarded as" disabled within the meaning of the Rehabilitation Act if he proves the following by a preponderance of the evidence:

Plaintiff did not have any impairment, but Defendant treated him as having an impairment that substantially limited Plaintiff's ability to perform his duties as Chief of Mental Health.

The Rehabilitation Act defines the term "disability" as:

(1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(2) a record of such an impairment; or,

(3) being regarded as having such an impairment.

The term **"**qualified individual with a disability" as defined by the Rehabilitation Act is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."

A "major life activity" is defined by the Rehabilitation Act regulations as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing and working." When the major life activity involved is that of working, as it is in Plaintiff's case, the phrase "substantially limits" requires, at a minimum, that Plaintiffs allege that they are unable to work in a broad class of jobs or a range of jobs in various classes.

In order for Plaintiff to establish his claim of intentional discrimination by Defendant, Plaintiff has the burden of proving the following essential elements by a preponderance of the evidence:

(1) Plaintiff is a qualified person perceived as having a disability, that is, chemical dependency, and he was otherwise qualified for the position;

(2) Defendant intentionally discriminated against Plaintiff, that is, the fact that Plaintiff was a qualified person perceived as having a disability, that is, chemical dependency, was a determining factor in Defendant's decision to remove Plaintiff from the position of Chief of Health and reassign Plaintiff to the position of Staff Psychiatrist;

(3) Defendant knew about Plaintiff's chemical dependency; and,

(4) as a direct result of Defendant's intentional discrimination, Plaintiff sustained damages.

Under the Rehabilitation Act, Plaintiff can establish a claim under the "regarded as" prong by showing that Plaintiff:

(1) has a physical or mental impairment that does not substantially limit major life activities but was treated by the Defendant as constituting such limitations;

(2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others towards such impairment; or,

(3) does have a "physical or mental impairment" but was treated by Defendant as having a substantially limiting impairment.

An "adverse employment action" is defined as a "materially adverse change in the terms and conditions" of employment. To be materially adverse, the change in the terms and conditions of employment must be more disruptive then a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a

material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict on the violation of the Rehabilitation Act disability discrimination should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict on the Rehabilitation Act disability discrimination claim should be for the Defendant.

### J-16: Rehabilitation Act Retaliation Claim

Plaintiff also claims he was retaliated against for engaging in activity protected by the federal Rehabilitation Act.  Defendant denies Plaintiff's claim.

It is unlawful for a federal employer to retaliate against a federal employee for engaging in activity protected by the Rehabilitation Act.

To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant took an adverse action against him because he engaged in protected activity.

Protected activity includes opposing an employment practice that is unlawful under the Rehabilitation Act, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act.

"Adverse action" covers all employer actions that could well dissuade a reasonable worker from making or supporting a charge of discrimination.

Plaintiff does not have to prove that unlawful retaliation was the sole reason Defendant took action Plaintiff.  Plaintiff must, however, prove that his protected activity was the determining factor for Defendant's actions against Plaintiff.

If you disbelieve the reasons Defendant has given for its decisions, you may infer Defendant illegally retaliated against Plaintiff because he engaged in protected activity. Such an inference is consistent with the general principle of evidence law that a jury is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt."

On the other hand, if you disbelieve the reasons the Defendant has given for its decisions, you may still find for the Defendant if the Plaintiff has not proven that unlawful retaliation was the reason for the Defendant's actions.

You are instructed that the mere fact that certain events after the Plaintiff engaged in protected activity or that certain management officials were aware of his filing a discrimination complaint does not prove that the protected activity was the Defendant's reason for its actions that followed. Instead, the Plaintiff must prove by a preponderance of the evidence that prior protected activity was the determining factor, in any adverse employment actions.

## J-17: Constructive Discharge

Finally, Plaintiff claims he was constructively discharged from his employment with Defendant, i.e., a reasonable person standing in Plaintiff's shoes would have felt compelled to resign, and that Defendant intended for Plaintiff to do so. Defendant denies Plaintiff's constructive discharge claim.

To demonstrate a constructive discharge, the plaintiff bears the burden of demonstrating that (1) the employer created intolerable working conditions, as perceived by a reasonable person, and (2) the employer did so with the intention of forcing the employee to quit.

To determine if there is a constructive discharge, both the employer's intent and the employee's objective feelings must be examined.

14

In determining whether a reasonable person would feel compelled to resign from his employment, the jury may consider the following factors: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; and (6) offers of early retirement or continued employment on terms less favorable than the employee's former status.  An employer's intent can be shown by demonstrating that quitting was a foreseeable consequence of the employer's actions.

### J-18: Compensatory Damages

There is only one trial of all the issues in this case.  At the end of this trial you, the jury, will have to decide, based on the facts and on the rules of law on which I am instructing you, first, whether Defendant is liable and, if so, the monetary amount of Plaintiff's compensatory damages, which will be explained in further detail below.  The Court will determine the amount of Plaintiff's back pay should you find the Defendant liable.

Defendant has just this opportunity to present evidence upon which you may decide issues of liability and, only if you find Defendant liable, the issue of compensatory damages as well.  Since Defendant was required to address compensatory damages or lose the opportunity to do so, none of the evidence or discussion relating to compensatory damages presented on Defendant's behalf should be taken or construed by the jury as an admission by Defendant that it is liable to Plaintiff.  Defendant has denied Plaintiff's charges as vigorously as Plaintiff has presented his claims.  Thus, if you find for Defendant, you will not be concerned with the question of compensatory damages.  But if you find in favor of Plaintiff, you will of course be concerned with the question of compensatory damages. It is my duty to instruct you as to the proper measure of compensatory damages to be applied in this case.

In order to recover compensatory damages for any injury claimed by the Plaintiff, the Plaintiff must prove that the Defendant's acts were a proximate cause of the harm sustained by the Plaintiff. Proximate cause means that there must be a sufficient causal connection between the acts or omissions of the Defendant and the injury sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damages was a reasonably foreseeable consequence of the Defendant's act or omission.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more persons may operate at the same time, either independently or together, to cause an injury.

In this case, if you find that the Defendant is liable for discrimination or retaliation, you may award the Plaintiffs reasonable compensation for the following:

> Worry, distress, depression, anxiety, sleeplessness, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of self-esteem, humiliation, embarrassment, and shame.

Compensatory damages for mental and emotional distress will not be presumed but must be proven by competent evidence. Emotional injuries, however, may be proved without medical support. Indeed, a plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden.

Further, the Plaintiff is not required to put on evidence of the specific monetary value of such intangible things such as, worry, distress, depression, anxiety, sleeplessness, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, embarrassment, and shame. Indeed, there is no exact standard for fixing the compensation to be

awarded for these damages.  Further, the law does not require the Plaintiff to prove his losses with mathematical precision.  Any award you are considering must fairly compensate the Plaintiff for his injury but must have a basis in the evidence and be reasonable in the light of that evidence.  Ultimately, you must be guided by dispassionate common sense, free of sympathy, speculation or guess work.  Any award of compensatory damages should not include any notion of punishment against the government.  The fact that I have instructed you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case.  This instruction as to the measure of compensatory damages is given simply for your guidance in the event you should find for the Plaintiff from a preponderance of the evidence.

Any award of compensatory damages should not consider or include an amount for attorney's fees.  Any decision regarding attorney's fees is a matter left for the Court.

### J-19: Closing Instructions

Finally, ladies and gentlemen, we come to the point where we will discuss the form of your verdict and the process of your deliberations.  As an initial matter, nothing in the instructions that I have given nor any ruling or remark that I have made in this case should be interpreted as giving an opinion as to what your verdict should be.

You will be taking with you to the jury room a verdict form that will reflect your findings. The verdict form reads as follows:

**[READ VERDICT FORM]**

You will be selecting a foreperson after you retire to the jury room.  That person will preside over your deliberations and be your spokesperson here in court.  When you have completed your deliberations, your foreperson will fill in and sign the verdict form.  Your verdict

must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each of your agree to that verdict.  That is, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

We will be sending with you to the jury room all of the exhibits in the case.  You may have not seen all of these previously and they will be there for your review and consideration.

You may take a break before you begin the case.  However, you may not deliberate at any time unless all eight of you are present together in the jury room.

Some of you have taken notes. I remind you that these are for your own individual use only and are to be used by you only to refresh your recollection about the case.  They are not to be shown to others or otherwise used as a basis for your discussion about the case.

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Court's security officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you

orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify the vote of the jury at the time.

<u>J-20: Use of Technology To Conduct Research On<br>Or Communicate About A Case: After Trial</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic devide or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messagining service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, You Tube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Respectfully submitted,

/s/ William B. Ryan
Donald A. Donati #8633
William B. Ryan #20269
Bryce W. Ashby #26179
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104
Phone: 901/278-1004
billy@donatilawfirm.com

Attorneys for Plaintiff


EDWARD L. STANTON, III
United States Attorney

/s/ Linda Nettles Harris
(w/permission from Bill Siler, Asst. U.S. Atty)
Linda Nettles Harris #12981
Assistant U.S. Attorney
167 N. Main Street

                                                Memphis, TN 38103
                                                Phone: 901/544-4231
                                                linda.harris@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing document has been served via the Court's ECF system on Ms. Linda Nettles Harris and Mr. Bill Siler, Assistant United States Attorney, Suite 800, Federal Building, 167 North Main Street, Memphis, TN 38103, on November 10, 2010.

                                                    /s/ Wlliam B. Ryan