# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DISTRICT

| | | |
|---|---|---|
| DR. RICHARD P. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 08-2472 D/P |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS, DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Comes now, Eric K. Shinseki, Secretary of the Department of Veterans Affairs, by and through Linda Nettles Harris, Assistant United States Attorney for the Western District of Tennessee, respectfully requests that the Court give the following supplemental jury instructions.

1

## RETALIATION

The Plaintiff has also alleged a claim against the Defendant for retaliation based on the Plaintiff's participation in an activity protected under the applicable federal law. Both Title VII and the ADA prohibit retaliation.

Title VII of the Civil Rights Act of 1964 prohibits retaliation against an employee, stating that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [she] has opposed any practice made an unlawful employment practice by [Title VII] or because [she] has made a charge, testified, assisted, or participated in

In order to prevail on a retaliation claim, the Plaintiff must show the following:

    (1) Plaintiff engaged in activity protected under federal law;

    (2) Plaintiff's protected activity was known to the responsible agents

    of the Defendant;

    (3) Defendant took an adverse employment action against Plaintiff

    subsequent to her engaging in protected activity; and

    (4) that there was a causal connection (link) between the protected activity

    and the adverse employment action.

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO.15**

### **Compensatory Damages**

I will now give you instructions on how to calculate damages.  The fact that I do so does not mean that I think you should award any.  That is entirely for you to decide.

If you should find that the defendant discriminated or retaliated against the plaintiff, then you must determine an amount that is fair compensation for the plaintiff's damages.  You may award compensatory damages only for injuries that the plaintiff proves were caused by the defendant's allegedly illegal discrimination.  The damages that you award must be fair compensation, no more, no less.  In calculating damages, you should not consider any back pay the plaintiff has lost.  Should you find the defendant liable, the award of back pay, if any, will be calculated and determined by the Court.1

You may award compensatory damages for emotional pain and suffering if you find these were caused by the defendant's allegedly illegal acts.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award

---

[1] The Civil Rights Act of 1991 excludes from compensatory damages "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e-5(g)]." 42 U.S.C. § 1981a(b)(2).

damages based on sympathy, speculation, or guess work.[2] You should not include in the damages award an amount to compensate the plaintiff for his attorney's fees. In the event that you find the defendant is liable, the plaintiff will be entitled to reasonable attorney's fees above and beyond any compensatory damages.[3]

---

[2] Adapted from Devitt, Blackmar, and Wolff § 104.06 (4th ed. 1987) and § 104.06 (4th ed. Supp. 2000).

[3] Section 103 of the Civil Rights Act of 1991 amends 42 U.S.C. Section 1988 to specifically provide for attorney's fees separate and apart from compensatory damages.

## Defendant's Proposed Jury Instruction No. 16

## Effect of Instructions as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.[4]

---

[4] Devitt, Blackmar & Wolff § 74.02 (4th ed. 1987).

## Defendant's Proposed Jury Instruction No. 17

## No Punitive Damages Against The Government

Punitive damages, which are damages designed to punish a wrongdoer for illegal activities, cannot be assessed against the government or a governmental agency. Therefore, your deliberations on damages should not include any notion of punishment against the government.[5]

---

[5] 42 U.S.C. § 1981a (b)(1), otherwise known as § 102(b)(1) of the Civil Rights Act of 1991.

## Defendant's Proposed Jury Instruction No. 18

## All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.[6]

---

[6] Devitt, Blackmar & Wolff § 73.11 (4th ed. 1987).

## Defendant's Proposed Jury Instruction No. 20

## Evidence in The Case-Stipulations-Judicial Notice

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.[7]

                              Respectfully Submitted,
                              EDWARD L. STANTON, III
                              United States Attorney

                    By:    s/Linda Nettles Harris
                           Linda Nettles Harris (BPR 012981)
                           Assistant U.S. Attorney
                           800 Clifford Davis Fed. Office
                           167 N. Main St.
                           Memphis, TN  38103-1898
                           901-544-4231

---

[7] Devitt, Blackmar & Wolff, § 71.08 (4th ed. 1987).

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing proposed jury instructions by via email and by electronically by filing with the Court this the 14th day of November , 2010, on:

William Siler, AUSA

Donald A. Donati
William B. Ryan
Bryce W. Ashby
Donati Law Firm
1545 Union Avenue
Memphis, TN 38104

s/Linda Nettles Harris
Assistant United States Attorney